# Louisville & Nashville Railroad Co. v. Reid.

(Decided March 22, 1935.)

(As Modified on Denial of Rehearing May 10, 1935.)

ASHBY M. WARREN and THOS. D. TINSLEY for appellant.

FLEM D. SAMPSON, J. M. ROBSION and G. M. MANNING for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The Louisville & Nashville Railroad Company has appealed from a $2,500 judgment entered against it upon a verdict (signed by nine jurors) recovered by Mrs. Reid for personal injury.

Mrs. Reid claims to have been a passenger on defendant's train from Barbourville to Manchester on Thursday December 15, 1932; that this was a mixed train, made up of two passenger cars and some freight cars; that on the way, and about a half mile after passing a place called "Woollum," she had stood up for the purpose of moving to a seat nearer the stove, when, for some reason unknown to her, the train made a sudden and violent stop by which she was thrown back onto the seat of the car with such force as to seriously injure her, to cause her then and thereafter great pain, which condition has grown worse, so she says, so that she was, at the time of the trial March 28, 1934, practically an invalid. She does not fix the time of this occurrence, but it probably happened about 10 a m She says she thereafter walked up and down the aisle of the coach to keep warm and in an effort to ease her pain. When she arrived at Manchester about 4 p. m., she walked to the home of her sister-in-law, Mrs. House, one-half mile distant. She walked back to the station the next day, and when she got back to Barbourville she walked home. In a day or so she walked to the home of her sister, Mrs. Hopper, who examined her, and testifies she found an inch and a half above the lower end of Mrs. Reid's spine, a black place as large as an egg. Mrs. Reid walked to see Dr Burton some five or six weeks thereafter, and made many later trips to see him in the same way. Mrs. Reid admits she did

not pay any fare on the train, by surrender of a ticket or in cash, either going or returning. The flagman on this train testifies he kept up the fires and the coach was warm and comfortable. The head brakeman rode in the ladies' coach and he testifies that it was warm and comfortable, and so does the conductor. Mrs. Reid claims that, after making this sudden stop one-half mile after passing Woollum, the train backed up to Woollum, yet the men in charge of the train say no such stop and backup occurred.

Mrs. Reid testifies her coccyx is dislocated and says that dislocation has existed since she got hurt. Dr. Burton, to whom she went for treatment, says he examined Mrs. Reid shortly after December 15, 1932, and found no evidence of a recent injury, and that he examined her bare flesh at this point. He says Mrs. Reid's coccyx is dislocated, but that it is perhaps a congenital dislocation, and that he saw this dislocation some 12 or 15 years before, when he attended her in childbirth.

Dr. Price, a chiropracter, examined Mrs. Reid the day before the trial, and found her coccyx dislocated and perhaps ankylosed, but he would not say whether this dislocation was congenital or not, and said he could not tell whether this was congenital or not. Mrs. Reid denied that Dr. Burton attended her in childbirth. From the definition of the word "coccyx" in the best dictionaries we have available, the ankylosis of the coccyx appears to be entirely normal in adults. That leaves its dislocation, which Dr. Burton says has existed to his knowledge for 12 or 15 years, about which Dr. Price says he cannot say how long it has existed, and Mrs. Reid says has existed since she got hurt, but she does not say since she got hurt on this train. So far as can be told from her evidence, she may have been referring to some injury she received in childhood. We are unable to distinguish this case from that of Kentucky & Tenn. Ry. Co. v. Ball, 175 Ky. 630, 194 S. W. 785. We hold that this verdict is flagrantly against the evidence. We reserve the question of its excessiveness and all other questions raised and not specifically disposed of herein.

Judgment reversed.

The whole court sitting.